Jack Meeks, Plaintiff, v. George A. Fuller Company, a Corporation and James Ondo, Defendants and Third-Party Plaintiffs, Appellees, v. Gateway Erectors, Inc., a Corporation, Third-Party Defendant, Appellant.

**Gen. No. 48,916.**

First District, Second Division.
February 21, 1963.
Rehearing denied March 26, 1963.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (A. R. Peterson, Harold W. Huff and William E. Rattner, of counsel), for third-party defendant-appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (David Jacker and William H. Symmes, of counsel), for third-party plaintiff-appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Jack Meeks brought an action against the George A. Fuller Company to recover damages for injuries resulting from the negligence of the employees of that corporation. Fuller Company brought a third-party action against Gateway Erectors, Inc., the employer of plaintiff, claiming that under the provisions of a contract between Fuller and Gateway an obligation rested upon Gateway to indemnify Fuller against the claim of the plaintiff. The issues were tried together. At the close of the evidence the court sustained the motion of plaintiff to direct a verdict for him and sustained the motion of Fuller for a directed verdict against Gateway. The jury verdicts fixed the damages of plaintiff at $210,000. Judgment was entered upon the verdicts. Fuller paid the judgment against it. Gateway appeals from the judgment against it in the third-party action.

The injury was caused by the sole negligence of Fuller. The contested issues arise from the interpretation of the contract between Fuller and Gateway in the light of the undisputed evidence. Plaintiff was injured on August 27, 1959. At that time he was an employee of Gateway. He was an ironworker under the immediate supervision of Richard York, foreman. They were working at the Federal Reserve Bank at Jackson Boulevard and Wells Street in Chicago. Fuller was the general contractor on that job. Gateway had a subcontract for certain portions of the ironwork. Plaintiff and his cousin were working in a trench several feet below ground level, engaged in fastening angle irons to certain supports. Employees of Fuller were working several levels above. On the morning of the accident the carpenter-foreman for Fuller had a conversation with York, the Gateway foreman, in which he asked permission to start work-

ing at the west end lowering materials. York told him that they could start on the west side when the ironworkers were finished. Notwithstanding this conversation Fuller employees commenced lowering planks while the Gateway employees were working below. A Fuller employee had a coemployee fasten a rope to a plank with a nail. When he lowered the plank part way down it came loose and fell the rest of the way. The plank, which weighed about 50 pounds, fell, striking plaintiff on the head. The extent of injury to plaintiff is not contested. Gateway had nothing to do with the lowering of the plank. Gateway insists that a reasonable interpretation of the contract leads to the conclusion that it was not intended to provide indemnity under the circumstances revealed by the evidence. Fuller says that under the contract Gateway is bound to indemnify it against plaintiff's judgment.

The clause of the contract that is the focal point of the dispute, reads:

> "The SubContractor agrees to indemnify and hold harmless the . . . Contractor against loss or expense by reason of the liability imposed by law upon the . . . Contractor for damage because of Bodily Injuries, . . . accidentally sustained by any person . . . arising out of or in consequence of the performance of this work whether such injuries, to persons . . . are due or claimed to be due to any negligence of the SubContractor, the Owner, the Contractor, his or their employees or agents or any other person."

Plaintiff's injury was the fault of Fuller. Neither plaintiff nor Gateway did anything to cause the injury. The evidence is undisputed that Gateway had nothing to do with the lowering of the plank which caused the injury to plaintiff. The contention of Fuller is

that this makes no difference because Gateway in its contract agreed to indemnify Fuller against its liability to plaintiff no matter how the injury was sustained. Gateway makes a careful analysis of the provisions of the contract and correctly states that the contract is designed to favor the contractor. Gateway argues that nevertheless, throughout the document the obligations of Gateway are limited to provisions restricting its responsibilities to the work undertaken by it. Gateway says that it is not an insurer. It is in the business of erecting steel.

Gateway calls attention to the fact that in certain respects the contract was very specific and that particularly notable are the provisions of the 23rd Paragraph. Gateway points out that in that paragraph it is the clear intent to place upon the sub-contractor complete and absolute responsibility wherever his employees ride upon a hoist or wherever his employees or his agents use a hoist and that Gateway assumed no responsibility where it did not use a hoist or did not use a scaffold, derrick or other equipment belonging to Fuller and where Gateway employees were not injured. Gateway asserts that the contract places an obligation on Gateway with regard to matters within its control. Gateway says that the underlying premise evident in the provisions of the 23rd Paragraph—an obligation arising from a duty—pervades the contract. In support of its view Gateway cites Bounougias v. Republic Steel Corporation, 277 F2d 726 and emphasizes the statement therein (734), that it "must be concluded from the foregoing cases that indemnity contracts are not against public policy and that it is decisive to determine in each case whether or not the damages were incurred in the operations contemplated by Indemnitor's contract, and under conditions controlled by the Indemnitor." If plaintiff had been injured while riding upon a material hoist, the fact

176

that he was an employee of Gateway would have been enough to impose responsibility upon it because of the express provisions of the 23rd Paragraph; and this would be justified because Gateway agreed to keep its employees off the hoist or to assume responsibility for them. Gateway argues that if the phrase "arising out of or in consequence of the performance of this work" is to have the meaning which Fuller seeks to give to it the provisions of the 23rd Paragraph would be meaningless. Gateway asserts that the contract need not and should not be so construed; that both provisions can have meaning and that a conflict arises only if the language is distorted to create one. In analyzing the phrase "arising out of or in consequence of the performance of this work" upon which Fuller bases its claim, Gateway maintains that "this work" can only refer to the work undertaken by Gateway; "performance" can only refer to performance by Gateway and that "injuries" is the subject matter of the phrase and is limited to "injuries arising out of or in consequence of the performance of 'this work.'" Gateway, again calling attention to the provisions of the contract giving Fuller control over Gateway and to the lack of any provisions giving Gateway any control over Fuller, concludes that the contract cannot be construed to indemnify Fuller against liability arising out of its sole misconduct in a portion of the work over which Gateway had no control and in which the act which produced the injury was taken in clear defiance of the express request of Gateway.

██ ██ The intention of the parties is to be determined from the language employed, when read in the light of the context of the document and such surrounding circumstances as will aid the court in arriving at the true meaning of the parties. MacAndrews & Forbes Co. v. Mechanical Mfg. Co., 367 Ill

177

288, 297, 11 NE2d 382; Bertlee Co., Inc. v. Illinois Pub. & Printing Co., 320 Ill App 490, 508, 52 NE2d 47. In Illinois a contract may impose on a contractor the duty to indemnify against injuries entirely without his control where there is clear language in the contract including indemnification for injuries arising from the negligence of indemnitee's own servants. Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill 429, 70 NE2d 604; Russell v. Shell Oil Co., 339 Ill App 168, 89 NE2d 415; Insurance Co. of N. Am. v. E. J. & E. Ry. Co., 229 F2d 705; Northern States Co. v. Finkl & Sons Co., 8 Ill App2d 419, 422, 132 NE2d 59. Gateway concedes that in Illinois the law permits a party to assume responsibility by contract for matters over which he has no control and that the parties may agree to indemnify one for his own misconduct.

The situation which the contracting parties contemplated was a construction project in which the work would not all be by the general contractor, but would be broken down into subcontracts. The subcontractors would be specialists in different phases of the work. All would be working at the job site simultaneously. The general contractor and owner were under a legal duty to furnish a safe place to work to all of these employees and each employee was subject to injury by all, including the owner, contractor, subcontractor and employees of all. The indemnification clause was designed to provide indemnification against the risks inherent in work being performed by many contractors, which risks included injury to employees of the indemnitor by any of the other contractors working on the job. In the contract Gateway agrees to indemnify Fuller for liability arising out of Gateway's performance of the contract where the liability arises from Fuller's negligence. Plaintiff was an employee

178

of Gateway engaged in the performance of the work called for in the contract. His only reason for being on the premises and exposed to the danger that gave rise to his injury was the "performance of this work." The only reason that Fuller owed the plaintiff any duty was that he was engaged in "the performance of this work" at the time of his injury. Plaintiff's judgment was based on a finding that his injury resulted from the negligence of an employee of Fuller, the contractor.

The indemnification clause in the contract was typewritten. The printed portions of the contract provided that the sub-contractor should indemnify the general contractor under certain special instances. The parties, to amplify the indemnification provisions of the contract, selected the typewritten clause indemnifying the contractor for injuries arising out of the work due to the contractor's negligence. The very nature of the typewritten clause and its position at the front of the contract accentuates the importance of this contract to the parties. As distinct from the printed clause the parties deliberately put in the typewritten clause to indemnify the contractor for injuries arising from its negligence. In doing this the parties were not contradicting the printed matter but were enlarging the scope to cover injuries arising from the contractor's negligence. We do not find any inconsistency between the typewritten indemnification clause relied upon by Fuller and the 23rd Clause covering injuries arising in the use of the hoist, scaffold, derrick or equipment.

██ ██ In the Westinghouse and the Bounougias cases there was an absence of clear language in the contract imposing a duty to indemnify against injuries arising from the negligence of the indemnitee's own servants. In the instant case there is clear lan-

guage calling for an indemnification for injuries arising from the negligence of the indemnitee's servants. The contract between Fuller and Gateway provides for indemnification "whether such injuries are due or are claimed to be due to any negligence of the subcontractor, the Owner, the Contractor, his or their employees or agents or any other person." This phrase calls for indemnification for injuries beyond the indemnitor's control. There are numerous cases in which indemnification has been allowed for injuries arising beyond the control of the indemnitor. In Indemnity Ins. Co. of North America v. Koontz-Wagner Elec. Co., 233 F.2d 380, the same Circuit Court of Appeals that decided the Bounougias case so ruled. Indemnification was also allowed in the following cases in which the injury arose from an act outside the control of the indemnitor: Russell v. Shell Oil Co., 339 Ill App 168, 89 NE2d 415; Northern States Co., Inc. v. A. Finkl & Sons Co., 8 Ill App2d 419, 132 NE2d 59; Aluminum Co. of America v. Hully, et al., 200 F2d 257; United States Steel Corp. v. Emerson-Comstock Co., Inc., 141 F Supp 143.

We think that the trial judge was right in directing a verdict for Fuller and against Gateway. Therefore the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.