Paul Skezas, Plaintiff, v. Safway Steel Products, Inc., a Corporation, and United States Steel Corporation, a Corporation, Defendants.
United States Steel Corporation, a Corporation, Defendant and Third Party Plaintiff-Appellee, and Cross-Appellant, v. Universal Delta, a Co-partnership, and The Travelers Insurance Company, a Corporation, Third Party Defendants.
Appeal of The Travelers Insurance Company, a Corporation, Third Party Defendant-Appellant, and Cross-Appellee.

Gen. No. 50,980.

First District, Third Division.

June 29, 1967.

Rehearing denied October 6, 1967.

■■■■■■■■■■■■■■■■■

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William H. Symmes, John M. O'Connor, Jr., and Jon R. Waltz, of counsel), for The Travelers Insurance Company, appellant.

Hackbert, Rooks, Pitts, Fullagar and Poust, of Chicago (Harlan L. Hackbert, of counsel), for United States Steel Corporation, appellee.

MR. PRESIDING JUSTICE SULLLIVAN delivered the opinion of the court.

This involves an appeal and a cross-appeal from a judgment on a third party action for indemnity. The trial court found against third party plaintiff generally, but granted no monetary relief.

To understand the contentions on appeal it is first necessary that we identify the parties and describe the circumstances giving rise to this appeal.

Paul Skezas was an employee of Universal Delta. The latter was a subcontractor on a renovation job at a plant owned by United States Steel Corporation (Steel). The Travelers Insurance Company (Travelers) was the insurer of Universal Delta. On April 2, 1957, Skezas was injured in a fall from a scaffold. For injuries sustained he brought suit against Safway Steel Products, Inc., the owner of the scaffold, and Steel.

Steel, in turn, filed a third party complaint against Universal Delta and Travelers. The third party complaint set out parts of the contract between Steel and Universal Delta. Of particular import was paragraph 16, which read in part as follows:

"16. The safety of all persons employed by Contractor and his subcontractors on Owner's premises, . . . shall be the sole responsibility of Contractor. Contractor shall at all times maintain good order

297

among his employees and shall not employ on the work any unfit person or anyone not skilled in the work assigned to him.

. . . . . .

"Contractor shall take all reasonable measures and precautions at all times to prevent injuries to . . . any of his employees. . . . Such measures and precautions shall include, but shall not be limited to, all safeguards and warnings necessary to protect workmen . . . against any conditions on Owner's premises which could be dangerous and to prevent accidents of any kind whenever work is being performed in proximity to any moving or operating machinery, equipment or facilities, whether such machinery, equipment or facilities are the property of or are being operated by, the Contractor, his subcontractors, the Owner or other persons."

Paragraph 17 of that contract required Universal Delta to procure certain insurance. Travelers issued policies to Universal Delta and a certificate of insurance to Steel. The certificate and endorsement thereon provided that Travelers had issued certain listed policies to Universal Delta. In the actual policy there was a contractual liability coverage endorsement which insured Universal Delta against liability assumed by it under the contract with Steel. The certificate, on its face, stated:

"This is to certify that policies of insurance as described below have been issued to the insured named below and are in force at this time. . . . The insurance afforded is subject to all of the terms of the policy applicable thereto."

In March of 1961, the main action was settled with Skezas by payment of $75,000. Steel and Travelers each paid one-half that amount. The parties then went to trial on the third party complaint. The parties who had

298

paid the settlement amount entered into a stipulation agreement. That agreement provided that Steel was the owner of the plant and that Universal Delta was the painting contractor for the renovation work. The specific circumstances leading up to and including the accident were set out as follows:

"Paul Skezas, the plaintiff was employed by Universal Delta as a painter. April 2, 1957, the day of his accident, was his first day on the job at the Supply Division plant. The work of Skezas and his crew was to spray-paint the areas on the lower portions of the trusses of the building which the painting crews of Universal Delta had been unable to reach the preceding day.

. . . . . .

"(d) The trusses were approximately 32′ above floor level. For this purpose the men were using a scaffold which had been rented by Universal Delta from defendant Safway Steel Products, Inc. by order placed April 1, 1957. The parts of the scaffold had been delivered on April 1, 1957, and the scaffold was assembled late that day or early on the morning of April 2, 1957. The scaffold as assembled was 30′ high. The scaffold rolled on casters.

"(e) Skezas and a fellow employee named Cooper were working on a platform at the top of the scaffold. The scaffold had been moved two or three times to reach new locations, being pushed by members of the crew, Skezas and Cooper riding the platform at the top of the scaffold. As the scaffold was being so moved shortly after the noon lunch hour, the scaffold tipped. Skezas fell approximately 30′ to the floor, sustaining the injuries for which this suit was brought."

The case was tried without a jury on the pleadings, the stipulation agreement, and trial briefs of Steel and

299

Travelers. The court found against third party plaintiff Steel and in favor of Universal Delta and Travelers. It refused, however, to order Steel to pay Travelers the amount the latter paid out in settlement.

On appeal Steel seeks judgment in its favor and against third party defendants (either or both of them), in the amount of $37,500. Travelers also appeals seeking reversal only of that part of the judgment which denied it monetary relief from Steel.

Steel contends on appeal that it is entitled to recover from Universal Delta for its breach of paragraph 16 of the contract between them, and that Steel is a named third party beneficiary of the policy of insurance between Universal Delta and Travelers, and is therefore entitled to maintain a direct action against the insurance company. Steel appealed from the judgment as to Universal Delta and Travelers. Universal Delta did not appear in this court. However, the discussion below is applicable to Universal Delta as well as to Travelers.

Travelers contends in its appeal that paragraph 16 of the contract between Steel and Universal Delta does not constitute an indemnity clause; that the certificate of insurance issued to Steel gives rise to no right of action by Steel, and that the court was inconsistent in failing to order reimbursement to Travelers from Steel, when it found against Steel on the issues.

Steel's appeal will be considered first. Steel first contends that its contract with Universal Delta gives rise to a right of recovery from Universal Delta. Paragraph 16 of that contract, as set out above, is a fairly standard paragraph and has been the subject of prior judicial discourse. The court in Rommell v. United States Steel Corp., 66 NJ Super 30, 168 A2d 437, construed this same clause and found that while it imposed some contractual duties on the contractor, it was not an indemnity clause. It stated on page 443: "We do not regard para-

graph 16 as a covenant, express or implied, by Commercial (the contractor) to indemnify Steel."

■ Steel contends, however, that even in absence of express language of indemnity Universal Delta is liable to Steel for breach of a duty to perform the work properly. Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346, explained the workings and reasoning of this theory. If the contract sets up a duty to perform work safely or with reasonable care, and that duty is breached, the Illinois courts will recognize a right of recovery by the owner from the contractor. Steel asserts that Universal Delta had an obligation to take all reasonable measures for the safety and protection of the employees and that this duty was not complied with. Steel goes on to add that the only charges of liability against it by the original plaintiff's complaint and supported by the stipulation of facts were those of vicarious liability of an owner. Steel reasons that in such a situation, under cases like Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785, an owner is not absolutely liable for injuries to employees of a contractor or a subcontractor. An owner who is only passively at fault may recover from a party actively at fault. However, for this rule to be applicable, Steel must set forth proof as to which company was the active cause of the accident. This proof is lacking. There is nothing in the record to indicate that Universal Delta did not fulfill its duty to perform the contract safely or that it was the active cause of the injury. The stipulation of facts about the accident gives no real insight as to how the accident occurred, other than saying that the scaffold tipped. There was no showing of what caused it to tip. Steel cites many cases in which owners have been allowed to recover from the contractors. However, in those cases it was shown that the contractor was actively at fault and the owner, if at fault was so only in a passive manner. In

301

the absence of a clear showing that Universal Delta did not live up to the standards required by the contract with Steel, there can be no right of recovery by Steel for the amount paid by it in settlement of the principal action.

Steel also contends that it was a named beneficiary of the policy of insurance between Travelers and Universal Delta, and, therefore, it had a right of direct action against Travelers. For two reasons this position is untenable. First, the only existing coverage was that set forth in the policy. The certificate was merely a description of that coverage, and did not constitute a contract between Travelers and Steel. The policy covered only liability which was assumed by contract between Steel and Universal Delta, and we have pointed out above that Steel has shown no right of recovery under the contract.

■ Steel has no right to direct action as a third party beneficiary of the insurance policy either. Jefferson v. Sinclair Refining Co., 220 NYS2d 387, was a case in which the contractor's insurer had issued a certificate endorsement similar to that issued by Travelers. Sinclair, the owner, alleged it was a third party beneficiary under the policy, and, thereby entitled to sue the insurer directly. The court did not agree and said on page 390: "The policy does not express the obligation of Employers (the insured) to indemnify Sinclair. Sinclair is at best an incidental beneficiary and as such has no right to sue on the policy."

For the above reasons Steel has no right to recover the $37,500 paid by it from either Universal Delta or Travelers.

■ Travelers' contentions on appeal that paragraph 16 of the contract between Steel and Universal Delta does not constitute an indemnity clause and that the certificate of insurance gives rise to no right of action by Steel against Travelers have been answered in favor of Travelers in our discussion of Steel's contentions.

■ ■ Travelers' other contention is that the court, having found against Steel on its third party complaint, should have ordered reimbursement to Travelers by Steel in the amount of $37,500. Travelers asserts that failure to order reimbursement was inconsistent with the findings of the trial court. This is not true. The suit was that of Steel seeking reimbursement from the third party defendants, and Travelers' only plea for monetary relief came in the stipulation agreement. The only basis one could find therein for relief would be that Travelers had paid out money. Travelers made no showing that Steel was responsible for the accident or liable to Skezas therefor. In absence of this we see no reason why Steel should be made to pay to Travelers the amount paid out by the latter in settlement of the principal claim. As noted above, the only way one who has paid damages for a personal injury may recover that amount from another is by a showing that the one who paid was merely passively at fault while the other was actively or primarily responsible for the injury. On the record before us we feel that the trial court had no reason for which it could have ordered reimbursement of Travelers by Steel. Travelers argues that failure to order reimbursement in cases like these will destroy the efficacy of settlements, in that no one will pay anything until the issue of liability has been established. This reasoning is faulty insofar as neither party presented the question of primary liability or causation to the trial court, and there were insufficient facts presented to have allowed the court to decide the question if it had been presented. The stipulation failed to show any one party to be the primary cause of the injury. The court could not surmise facts not presented to it, and it is well settled that issues not presented to the trial court may not be considered on appeal. Woman's Athletic Club of Chicago v. Hulman, 31 Ill2d 449, 202 NE2d 528; Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209.

Therefore, the decision of the trial court must be affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.

ON PETITION FOR REHEARING

Third party plaintiff, Steel, has filed a petition for rehearing and contends therein that the court misconstrued Steel's position on appeal and therefore decided the appeal on other grounds. Steel bases this argument on the theory that it sought recovery from Universal Delta only on the ground of breach of contract and that the court did not consider that position. We did indeed examine that theory, but concluded that it was unfounded insofar as a breach of contractual duty was not shown in the record.

Steel, in its third-party complaint, set forth part of the contract between itself and Universal Delta. One section set out therein (section 16) required that contractor (Universal Delta) "take all reasonable measures to prevent injuries to . . . any of his employees. . . ." There were no allegations that Universal Delta did not take such measures. Steel claims that Universal Delta had, by that same section, undertaken the sole responsibility for the safety of all persons employed by it. However, this responsibility must be interpreted in light of the entire section, which section also contains the language quoted above. To recover for a breach thereof, Steel must do more than set forth the contractual language and the occurrence of an accident. To allow recovery otherwise would be to hold the contractor strictly liable for anything that occurred on the job, regardless of the precautions taken by him.

Steel relies heavily on the Moroni case, supra. However, that case is distinguishable insofar as the language therein makes it clear that the allegations set out the activity of the defendant, the contractual duty and breach of that duty by the defendant. Steel's allegation in its third-party complaint that Universal Delta, by its acts or omissions, caused the injury to plaintiff, is a mere conclusion and is insufficient to bring it within the rule of Moroni.

In other words, Steel, admitting that section 16 of the contract does not give rise to a right of express or implied indemnity, must rely solely on a theory of breach of contract duty to perform work safely. Steel cites the Rommell case, supra, which distinguished this action from one of indemnity. Steel's complaint alleged the existence of a contract, but made no reference to a breach thereof. The fact that it said an injury occurred does not show that the contractor did not perform his work safely. All of section 16 must be read together. We do not consider that part in which Universal Delta assumes responsibility for the safety of all persons to have application separate and apart from the reasonable measures provision of that section. To show a breach of duty Steel must set forth the acts or omissions which were not in compliance with the contract. In a case such as the one at bar, if the contractor had taken all reasonable precautionary measures, and, due to some extraordinary circumstance, an injury occurred, there would be no breach of contract. The injury must be tied to specific acts or omissions in contravention of the contract provision for this action to lie.

For the foregoing reasons, the petition for rehearing is denied.

Petition for rehearing denied.