Lee Fields, Plaintiff, v. Lawter Chemicals, Inc., a Foreign Corporation, Defendant and Counterplaintiff-Appellant, and C. A. Tharnstrom & Co., Counterdefendant-Appellee.

Gen. No. 52,452.

First District.

August 1, 1969.

Wildman, Harrold, Allen & Dixon, of Chicago (Bernard E. Harrold and Jon R. Waltz, of counsel), for appellant.

Howard, French and Healy, of Chicago (Richard G. French and Russell V. Guilford, of counsel), for appellee.

Vogel & Vogel of Chicago (David F. Holland of counsel), for counter-defendant appellee.

GOLDENHERSH, P. J.

Counterplaintiff, Lawter Chemicals, Inc., hereafter called Lawter, appeals from the judgment of the Circuit Court of Cook County, entered upon allowance of the motion for judgment of counterdefendant, C. A. Tharnstrom & Co., hereafter called Tharnstrom, and Tharnstrom appeals from the order dismissing its third-party complaint against Erland H. Peterson, hereafter called Peterson.

This litigation arises from an occurrence in which Lee Fields, while employed by Peterson, was injured on Lawter's premises. Tharnstrom, as general contractor, was erecting an addition to Lawter's building, and Peterson was a subcontractor engaged to do some masonry work. Fields sued Lawter, charging negligence, and Lawter filed its counterclaim against Tharnstrom for contractual indemnity. Tharnstrom filed a third-party complaint against Peterson, demanding judgment against Peterson "for any judgment or recovery" to Lawter against Tharnstrom.

Fields recovered against Lawter, the trial court entered judgment in favor of Tharnstrom on Lawter's counterclaim, dismissed Tharnstrom's third-party complaint against Peterson, and these appeals followed.

Lawter and Tharnstrom had entered into a building contract which is not in evidence, but the parties are in agreement that it contained a provision requiring Tharnstrom to provide:

321

" (o) Contractor's Public Liability Insurance and Contractor's Contingent Liability Insurance, protecting and holding harmless the Contractor, the Owner, and the Architect and Engineer, and/or their agents, servants, and employees, against all claims, demands, loss, cost, damage, or expense, in connection with injury to or death of person, or damage to property, occasioned by or arising out of any act, fault or neglect of Contractor's employees, agents, servants, subcontractors, or materialmen, in and about performance hereunder, with limits of not less than $250,000.00 for injury to or death of one person, and not less than $500,000.00 for injury to or death of more than one person in any one accident."

In its complaint Lawter alleged, and in its answer Tharnstrom admitted that Insurance Company of North America issued a document headed "Certificate of Insurance" certifying that certain liability policies had been issued to Tharnstrom providing liability coverage "Anywhere in U. S. A." and "specifically" the plant site where Fields was injured. It also contained the following:

" (d) Contractual coverage including Hold Harmless Agreement between C. A. Tharnstrom & Co., Lawter Chemicals, Inc. (Owner), W. Fred Dolke (Architect & Engineer) and/or their agents, servants and employees."

It is Lawter's contention that the provision of the building contract above quoted is an indemnity agreement, and assuming any ambiguity, the certificate of insurance constitutes a binding admission that there was a "Hold Harmless Agreement."

Much of the argument in Lawter's brief is predicated upon certain findings allegedly made by the trial court which do not appear in the Findings of Fact and Conclu-

sions of Law upon which the court based its judgment. It also devotes a considerable portion of its argument to the proposition that the trial court erroneously failed to consider the Certificate of Insurance on the ground that it was "Written hearsay."

Fields' complaint alleges negligence solely on the part of Lawter, and the issue therefore becomes whether the contractual provision can be construed to indemnify Lawter against liability arising out of its own negligence.

In Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill 429, 70 NE2d 604, the Supreme Court held that an indemnity contract will not be construed as indemnifying one against his own negligence unless such a construction is required by clear and explicit language of the contract, or such intention is expressed in unequivocal terms.

The parties have cited and discussed Marshall Field & Co. v. J. B. Noelle Co., 81 Ill App2d 409, 226 NE2d 454; De Tienne v. S. N. Nielsen Co., 45 Ill App2d 231, 195 NE 2d 240; Meeks v. George A. Fuller Co., 40 Ill App2d 172, 189 NE2d 387; and Halperin v. Darling & Co., 80 Ill App2d 353, 225 NE2d 92. The language of the agreements in those cases varies so greatly that any further discussion thereof is of no value.

In our opinion the insurance required under the contract was such as would hold harmless the contractor, owner, the architect, the engineer and their respective agents, servants, and employees against claims occasioned by or arising out of any act of the contractor's employees, agents, servants, subcontractors or materialmen in and about the performance of the contract. This cannot be construed as indemnifying Lawter against liability arising out of its own negligence.

Assuming, arguendo, that the trial court should have considered the certificate as being in evidence, it could only be construed to provide coverage to the extent of Tharnstrom's contractual liability, which did not require

it to indemnify Lawter against liabilities arising out of its own negligence. Skezas v. Safway Steel Products, Inc., 85 Ill App2d 295, 229 NE2d 781.

Having reached the conclusion that the trial court reached the proper result, there is no occasion to consider Tharnstrom's appeal.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.