MARVIN HAND, APPELLANT, v. RORICK CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLEES.

206 N. W. 2d 835

Filed May 4, 1973. No. 38701.

August Ross of Ross & O'Connor and Robert Heithoff, for appellant.

John R. Douglas of Cassem, Tierney, Adams & Henatsh, for appellee Rorick Constr. Co.

Boland, Mullin, Walsh & Cooney, for appellee Kehm Constr. Co.

Heard before WHITE, C. J.; SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action in negligence against a general contractor by an employee of a masonry subcontractor for injuries sustained in a fall from a scaffold at the site of remodeling and construction of a school in Omaha, Nebraska. At the close of plaintiff's case-in-chief before a jury, the amended petition of plaintiff was dismissed and this appeal was taken.

On October 25, 1965, plaintiff was on a scaffold 20 feet above the ground, laying block and brick. The scaffold planking gave way and plaintiff fell, receiving

bodily injuries. The scaffold platform had been constructed by resting two 2 x 10 planks side by side and placing them across arm brackets, part of the metal scaffold which supported both the brackets and the materials platform. The evidence showed that safe construction practice as well as safety codes adopted by the Department of Labor of the State of Nebraska pursuant to statutory authority required that the planks be kept in place by cleats and bars which are braces nailed or fastened across the planks on the underside at each end to prevent the planks from slipping off the arm brackets or separating. There were no cleats or bars on the planks that fell.

The scaffold had been erected by employees of plaintiff's employer which owned the scaffold, but plaintiff had not been one of those employees.

The contract between the owner and the general contractor provided: "The Contractor shall take all necessary precautions for the safety of employees on the work, and shall comply with all applicable provisions of Federal, State, and Municipal safety laws and building codes to prevent accidents or injury to persons on, about or adjacent to the premises where the work is being performed."

Although its superintendent was at the site, the general contractor had never inspected the scaffolding.

Plaintiff, a bricklayer for 17 years, was thoroughly familiar with scaffolds. He had experienced difficulty with scaffolding earlier at the same site, and someone had corrected the condition without anyone notifying the general contractor.

The plaintiff appears to recognize the rule that a general contractor is not liable to an employee of a subcontractor for the acts and omissions of the employer-subcontractor. Munson v. Vane-Stecker Co., 347 Mich. 377, 79 N. W. 2d 855; Miller v. Weinberg, 56 Del. 87, 190 A. 2d 27; Johnson v. Cal-West Constr. Co., 204 Cal. App. 2d 610, 22 Cal. Rptr. 492; Davis v. Caristo Constr.

Corp., 13 App. Div. 2d 382, 216 N. Y. S. 2d 765; Gambella v. John A. Johnson & Sons, Inc., 285 App. Div. 580, 140 N. Y. S. 2d 208; Chesin Constr. Co., Inc. v. Epstein, 8 Ariz. App. 312, 446 P. 2d 11. However, he takes the position the contractual provision we have earlier quoted enlarges both the common law duty of the contractor and its obligation under pertinent statutes pertaining to scaffolding and gives rise to a cause of action on the theory of a third party beneficiary. This position clearly appears to be the import of the amended petition on which the case was tried.

It appears to be conceded that the plaintiff's employer was, under the terms of the contract with the defendant, required to furnish all the material, tools, and equipment required for performance of the subcontract, but it is the plaintiff's theory that the contractual provision in this case imposed on the defendant the duty to furnish safe scaffolds, nonetheless. We do not agree.

Such contractual provisions are frequently held not to create a third party beneficiary relationship unless it clearly appears it was so intended. Rausch v. Julius B. Nelson & Sons, Inc., 276 Minn. 12, 149 N. W. 2d 1; Davis v. Nelson-Deppe, Inc., 91 Idaho 463, 424 P. 2d 733; Walker v. Wittenberg, Delony & Davidson, Inc., 242 Ark. 97, 412 S. W. 2d 621. In the first-cited case, the negligence was that of the general contractor. The contractual provision in the contract was similar to that involved here and was held to be admissible merely as evidence of the duty.

The plaintiff relies upon, among other cases, our holding in Simon v. Omaha P. P. Dist., 189 Neb. 183, 202 N. W. 2d 157, which was decided after the trial of this case. Our holding there is clearly distinguishable. In that case the instrumentality which caused the injury was a condition of the premises and the failure of the owner, who was its own general contractor and was in absolute control of the premises through its retained engineer (to whom it had entrusted implementation

of safety measures), to cover or barricade an opening as required by the safety code. The condition had existed for many months. The owner and its agent, who had complete control of all safety on the premises, had the right, opportunity, and duty to cover or barricade the opening. This was not the subcontractor's obligation. In the present case the instrumentality which caused the injury was not the premises, but equipment owned, controlled, and erected by the plaintiff's employer, the subcontractor. The evidence does not establish that the general contractor had any right to control the instrumentalities used by the subcontractor. It is not clear that the contractual provision gives it that right and nothing in Simon supports such a conclusion. It is clear it did not undertake to exercise control over the machines and equipment of the subcontractor. In Simon we held a general contractor, in control of the premises where work performance under a contract with the owner is to be carried out, owes a duty to persons rightfully on the premises to keep the premises in a reasonably safe condition while the contract is in the course of performance. The reach of that holding does not cover the situation we have here.

Plaintiff cites a number of other cases. We believe they are all clearly distinguishable. In Blount Brothers Constr. Co. v. Rose, 274 Ala. 429, 149 S. 2d 821, the general contractor did, in fact, erect and furnish the scaffolding which was found to be inadequate and which caused the injury. In Presser v. Siesel Constr. Co., 19 Wis. 2d 54, 119 N. W. 2d 405, the situation was similar to that in Simon. The general contractor failed to erect a barricade in front of an opening in the structure which was under the control of the general contractor.

In McDonnell v. Wasenmiller, 74 F. 2d 320, the court upheld a jury verdict against the engineer in charge of and who directly supervised the installation of an expansion joint in the steam line which failed because it was not installed in conformity with the contract.

The faulty joint was the instrumentality which caused the injury.

In Dinschel v. United States Gypsum Co., 83 Ill. App. 2d 466, 228 N. E. 2d 106, the basis of liability was the Scaffold Act of Illinois which the court interpreted to be applicable to the person "in charge of" the work and held that under the provisions of the contract in question the general contractor was "in charge of" the work within the meaning of the contract and the statute.

The Nebraska statutes pertaining to scaffold safety, sections 48-425 and 48-428, R. R. S. 1943, have been applied by this court to persons who erect, construct, or supply the scaffold. Johnson v. Weborg, 142 Neb. 516, 7 N. W. 2d 65. The penalty section of the act originally imposed joint and several liability on the owner, contractor, and subcontractor. This provision was eliminated in 1919 and has never been restored. The language of section 48-425, R. R. S. 1943, appears to place responsibility thereunder upon the one who erects or constructs. Section 48-428, R. R. S. 1943, is a related section that requires when the inspectors of the Department of Labor find such devices deficient they shall "notify the person responsible for its erection or maintenance . . . and warn him against the use, maintenance or operation thereof and prohibit the use thereof." That section further provides: ". . . the person responsible therefor shall . . . immediately remove . . . and alter or strengthen it in such manner as to render it safe."

Skezas v. Safway Steel Products, Inc., 85 Ill. App. 2d 295, 229 N. E. 2d 781, involved a third party complaint against the injured person's employer and is in no way applicable to the situation here.

In Giarratano v. Weitz Co., Inc., 259 Iowa 1292, 147 N. W. 2d 824, the contract provision was identical to that here but, insofar as can be gained from the opinion, the cause of injury was the premises. The court did state that the plaintiff could recover against the general contractor either on theory of tort or third party

benefit. If this case supports plaintiff's position, we choose not to follow it.

We hold that the duty of a general contractor to employees of a subcontractor extends only to providing a reasonably safe place to work as distinguished from apparatus, tools, or machinery furnished by the subcontractor for the use of his own employees. Miller v. Weinberg, *supra;* Johnson v. Cal-West Constr. Co., *supra;* Gambella v. John A. Johnson & Sons, Inc., *supra.*

We also hold that a general contractor's mere failure to inspect a scaffold owned, erected, and controlled by the subcontractor and furnished by the subcontractor for the use of his own employees does not make the general contractor liable to the subcontractor's employees for injuries caused by defects in the scaffold. Munson v. Vane-Stecker Co., *supra;* Chesin Constr. Co., Inc. v. Epstein, *supra;* Gambella v. John A. Johnson & Sons, Inc., *supra;* Miller v. Weinberg, *supra.*

We further hold that a provision in a contract between the general contractor and the owner providing: "The Contractor shall take all necessary precautions for the safety of employees on the work, and shall comply with all applicable provisions of Federal, State, and Municipal safety laws and building codes to prevent accidents or injury to persons on, about or adjacent to the premises where the work is being performed," does not enlarge the common law duty of the general contractor to employees of the subcontractor so as to require inspection by the general contractor of tools, equipment, and apparatus furnished by the subcontractor for the exclusive use of his own employees. Rausch v. Julius B. Nelson & Sons, Inc., *supra;* Walker v. Wittenberg, Delony & Davidson, Inc., *supra;* Davis v. Nelson-Deppe, Inc., *supra.*

It is true that in Rausch v. Julius B. Nelson & Sons, Inc., *supra,* the injured person was an employee of a cocontractor rather than a subcontractor, but we do not regard that as a distinction that makes a difference

as to the possible applicability of the third party beneficiary theory insofar as it affects this case. It does not seem to us reasonable to say that the owner intended the provision, not only for his own protection and that of employees of the subcontractor, but for some unstated reason intended to exclude from the benefits the employees of a cocontractor. Yet this is what one would have to say for the differences to have significance.

We also hold that the contractual provision does not have the effect of giving to the employee of the subcontractor a cause of action under the Nebraska statutes pertaining to scaffold safety, because those statutes place liability upon the person who erects, constructs, maintains, or supplies the unsafe scaffold. Johnson v. Weborg, *supra*. Insofar as any of the cases cited by the plaintiff seem to support a contrary position, they depend upon statutes which place such duty upon the general contractor or upon a court interpretation which places the statutory duty upon the general contractor irrespective of whether he furnished the instrumentality.

AFFIRMED.

SMITH, J., dissents.