SULLIVAN v. DETROIT & WINDSOR FERRY CO.

1. THEATERS AND SHOWS—NEGLIGENCE—DUTY TO INSPECT.
   Proprietor of amusement resort impliedly warrants that structure is safe for purpose intended except for unknown defects not discoverable by ordinary and reasonable means, and therefore he is under continuing duty of inspection.

2. SAME—EVIDENCE—PRIOR ACCIDENTS—NOTICE.
   Evidence of prior accidents upon slide in amusement resort is admissible not only to show proprietor's notice or knowledge of dangerous condition, but that he was negligent in failing to make reasonable inspection and repairs after he had implied knowledge of defective condition.

3. EVIDENCE—TRIAL—DEDUCTIONS FROM FACTS.
   Trial court was bound to give consideration not only to testimony of witnesses, but to make use of all reasonable and ordinary deductions from established facts.

4. THEATERS AND SHOWS—NEGLIGENCE.
   Proprietor of amusement resort was bound to anticipate use of slide by patrons in any way it was adapted to be used, including sliding down on back, head first.

As to liability of person maintaining amusement park for safety of patrons, see annotation in 1 L. R. A. (N. S.) 427; 3 L. R. A. (N. S.) 1134; 32 L. R. A. (N. S.) 715; 42 L. R. A. (N. S.) 1071; L. R. A. 1915F, 690; 22 A. L. R. 610; 29 A. L. R. 29; 38 A. L. R. 357; 44 A. L. R. 203; 53 A. L. R. 855; 61 A. L. R. 1289, 1300.

5. SAME—CONTRIBUTORY NEGLIGENCE.
> Patron of amusement resort injured by projecting nail was not
> guilty of contributory negligence because he went down slide
> on his back, head first.

Appeal from Wayne; Toms (Robert M.), J. Submitted July 10, 1931. (Docket No. 149, Calendar No. 35,840.) Decided October 5, 1931.

Case by Gerald Sullivan against Detroit & Windsor Ferry Company, a Michigan corporation, for personal injuries received at a public resort. Judgment for plaintiff. Defendant appeals. Affirmed.

*George Murphy*, for plaintiff.

*Vandeveer & Vandeveer*, for defendant.

POTTER, J. Plaintiff sued defendant to recover damages claimed to have resulted to him from defendant's negligence. From a judgment for plaintiff, defendant appeals. Plaintiff, a patron of a place of public resort operated by defendant, had his arm injured by a nail projecting on the outside of a side rail of a slide. Plaintiff was riding down the slide on his back, head first, and threw his arm around this outside rail while in motion and his arm was injured by the projecting nail. Defendant contends there is no proof of defendant's negligence, there was error in admitting testimony over defendant's objection, and plaintiff was guilty of contributory negligence.

The action is based upon defendant's negligence. The applicable rule is thus stated in 1 Thompson on Negligence, § 996, as follows:

"The duty assumed by the owners of places to which the public thus resort in large numbers is

manifestly analogous to that which the law imposes upon carriers of passengers. Nevertheless it has been measured by the standard of *ordinary care.* Doubtless the true theory is that such persons assume the obligation of exercising reasonable care, and that what will be reasonable care will be a degree of care proportioned to the danger incurred, and to the number of persons who will be subjected to that danger. A good expression of the rule of liability, applicable in such cases, is found in an English case to the effect that the proprietor of such a structure is *not a warrantor or insurer* that it is absolutely safe, but that he impliedly warrants that it is safe for the purpose intended, save only as to those defects which are unseen, unknown, and undiscoverable,—not only unknown to himself, but undiscoverable by the exercise of any reasonable skill and diligence, or by any ordinary and reasonable means of inquiry and examination. Such being the nature of the obligation, it is obvious that the proprietor of such a building is under a *continuing duty of inspection,* to the end of seeing that it is reasonably safe for the protection of those whom he invites to come into it; and that, if he neglects his duty in this respect, so that it becomes unsafe, the question of his *knowledge* or *ignorance* of the defect which renders it unsafe is immaterial."

This is the rule in this State. In *Scott* v. *University Athletic Ass'n,* 152 Mich. 684 (17 L. R. A. [N. S.] 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515), it is said:

"Plaintiff was not a mere licensee and did not occupy the stand by mere invitation. Whether responsibility to the plaintiff is grounded, in the form of action instituted, upon a contract or upon a duty, it exists, if at all, because of an implied contract. The implied contract was that the stand was

reasonably fit and proper for the use to which it was put; the duty was to see to it that it was in a fit and proper condition for such use. Neither plaintiff nor the public generally would be expected to examine the stand and judge of its safety. This consideration, and the probable consequences of failure of the structure, imposed upon the responsible and profiting persons the duty of exercising a high degree of care to prevent disaster. They were not insurers of safety, they did not contract that there were no unknown defects, not discoverable by the use of reasonable means; but, having constructed the stand, they did contract that, except for such defects, it was safe. 1 Thompson on Negligence, §§ 994–997; 21 Am. & Eng. Enc. Law (2d Ed.), p. 472; *Francis* v. *Cockrell,* L. R. 5 Q. B. 184, 501, 39 L. J. Rep. (N. S.) Q. B. 113, 291. See, also, *Fox* v. *Buffalo Park,* 21 App. Div. 321 (47 N. Y. Supp. 788), aff'd 163 N. Y. 559 (57 N. E. 1109).''

It is contended the court was in error in admitting testimony tending to show injuries to other persons using the slide prior to the injury to plaintiff. Evidence of prior accidents has always been admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, *Smith* v. *Township of Sherwood,* 62 Mich. 159; *Moore* v. *Township of Kenockee,* 75 Mich. 332 (4 L. R. A. 555); *Campbell* v. *City of Kalamazoo,* 80 Mich. 655; *McGrail* v. *City of Kalamazoo,* 94 Mich. 52; *Corcoran* v. *City of Detroit,* 95 Mich. 84; *Alberts* v. *Village of Vernon,* 96 Mich. 549, tending to show the existence of the defect claimed by the plaintiff at the time of the alleged accident and defendant's notice or knowledge thereof. *Smith* v. *Township of Sherwood, supra; Lombar* v. *Village of East Tawas,* 86 Mich. 14. It has been held that such testimony is only

admissible to show notice or knowledge of the defects, *G. R. & I. R. R. Co.* v. *Huntley,* 38 Mich. 537 (31 Am. Rep. 321); *Gregory* v. *Railway,* 138 Mich. 368, and that evidence of prior accidents arising from the same cause were inadmissible to show negligence, *Gregory* v. *Railway, supra;* but the rule now seems to be established that evidence of prior accidents at the same place and arising from the same cause is admissible not only to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, but to show the defendant's negligence on the theory defendant, having notice or knowledge of the defect, is held to a higher degree of care by reason of his notice of such dangerous condition than he otherwise would be. *Woodworth* v. *Railway,* 153 Mich. 108; *Rudell* v. *Grand Rapids Cold-Storage Co.,* 136 Mich. 528 (16 Am. Neg. Rep. 380); *Mayer* v. *Railway,* 142 Mich. 459 (19 Am. Neg. Rep. 328).

The evidence offered was admissible as tending to show the failure by defendant to make reasonable inspection, its failure to repair, and implied knowledge of the defective condition of the slide.

The trial court was bound to give consideration not only to the testimony of the witnesses but to make use of all reasonable and ordinary deductions from the established facts. We think there was sufficient evidence to sustain the judgment.

The general rules relating to contributory negligence and its effect upon plaintiff's right to recover are well stated in the decisions of this court. *Lake Shore & M. S. R. Co.* v. *Bangs,* 47 Mich. 470 (4 Am. Neg. Cas. 29); *Benedict* v. *City of Port Huron,* 124 Mich. 600; *Rohlfs* v. *Township of Fairgrove,* 174 Mich. 555; *Calvert* v. *Railway,* 202 Mich. 311; *Ax-*

*ford* v. *Railway*, 218 Mich. 514. Defendant was bound to anticipate the use of. the slide by its patrons in any way it was adapted to be used, including its use by patrons sliding down on their backs or head first, and it cannot be said as a matter of law plaintiff was guilty of contributory negligence in going down the slide on his back, head first.

Judgment of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.