WHEELER v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 89364. Submitted March 10, 1987, at Detroit. Decided July 21, 1987.

John S. Wheeler was seriously injured when his car was struck by a Grand Trunk Western Railroad Company train at a crossing in Keego Harbor. Wheeler and his wife, Kim Wheeler, filed suit against Grand Trunk in Oakland Circuit Court alleging that the warning devices at the crossing were malfunctioning at the time of the accident. The jury ruled in favor of plaintiffs, and the court, Frederick C. Ziem, J., denied defendant's motion for a new trial. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in allowing witnesses to testify regarding prior signal malfunctions. The testimony was relevant to show that defendant had notice of a dangerous condition and to prove that a dangerous condition in fact existed.

2. The trial court did not err in including upon reinstruction a jury instruction it had originally refused to give. Defendant's contentions that the instruction was improper because it came after closing argument, thereby depriving defendant of the opportunity to properly address the issue, and because it assumed that the signal devices were not working are rejected. The instruction followed established law and the timing of the instruction did not affect defendant's ability to fairly argue its case.

3. Alleged misconduct on the part of plaintiffs' counsel did not deprive defendant of a fair and impartial trial.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 168-171, 813, 896.

Am Jur 2d, Railroads §§ 448, 449, 477, 480, 484, 501, 508-513, 518 *et seq.*

Am Jur 2d, Trial §§ 189 *et seq.*, 260-264, 332, 499.

. See the annotations in the Index to Annotations under Appeal and Error.

See the annotations in the Index to Annotations under Arguments of Counsel.

See the annotations in the Index to Annotations under Railroads.

1. RAILROADS — NEGLIGENCE — EVIDENCE — MALFUNCTIONING
   WARNING DEVICES.

   Testimony that warning signal devices at a railroad crossing were malfunctioning prior to and on the day of an accident is properly admissible to show that the railroad company had notice of a dangerous condition and to prove that a dangerous condition in fact existed at the time of the accident.

2. APPEAL — JURY INSTRUCTIONS.

   Instructions of a trial judge to a jury must be reviewed as a whole and not in selective excerpts; if the instructions are erroneous or inadequate, reversal is required only where a failure to reverse would be inconsistent with substantial justice.

3. APPEAL — CONDUCT OF COUNSEL.

   An appellate court, when reviewing an appeal asserting improper conduct of an attorney, should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless.

4. TRIAL — CONFLICTING TESTIMONY — ARGUMENT TO JURY.

   Parties may try to persuade the jury to believe their witnesses and disbelieve witnesses of the opposing party where there is conflicting or contradictory testimony.

5. TRIAL — INFERENCES — CLOSING ARGUMENT.

   Reasonable inferences from testimony may be drawn by counsel during closing argument.

6. TRIAL — CLOSING ARGUMENT — RESPONSE.

   Statements made by counsel in closing argument may not be error if given in response to arguments made by opposing counsel.

*Raymond L. Krell, P.C.* (by *Raymond L. Krell* and *Derek A. Hurt*), for plaintiffs.

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White* (by *Gerald G. White* and *Robert G. Waddell*), for defendants.

Before: CYNAR, P.J., and WEAVER and M. H. CHERRY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

WEAVER, J. Defendant railroad appeals as of right from a jury verdict in favor of plaintiffs. We affirm.

This action arose on January 19, 1982, when the car of plaintiff John Wheeler was struck by a train at the railroad crossing on Orchard Lake Road in Keego Harbor, Michigan, and plaintiff was seriously injured. At trial, plaintiff testified that he had been traveling at approximately twenty-five miles per hour as he approached the crossing, that he did not hear any bells or train whistles nor see any flasher signals, and that he did not see the train until a split second before impact. Additional testimony indicated disagreement as to plaintiff's speed and as to whether the crossing signals were working and the train whistle or bells were sounding.

The jury awarded $477,000 in damages to plaintiff on his negligence claim and $50,000 to plaintiff's wife on her loss of consortium claim, but found plaintiff to be thirty-five percent at fault, thus proportionately reducing the total damage award. Subsequent to denial of its motion for a new trial, defendant railroad appeals as of right, arguing (1) trial court error in allowing testimony of prior crossing signal malfunctions; (2) trial court error in instructing the jury; and (3) denial of a fair and impartial trial due to misconduct of plaintiffs' counsel.

I

The court allowed into evidence a partial reading of the deposition of Theodore Fitch, signal supervisor of defendant railroad, wherein Mr. Fitch was asked if he knew of prior malfunctions at the Orchard Lake Road crossing. Defendant

objected to this reading, arguing that a proper foundation had not been laid.

Defendant also objected to introduction of testimony by Janet Carey, who stated that she had reported signal malfunctions at the Orchard Lake Road crossing to defendant railroad as many as twenty-four times prior to the accident on January 19, 1982. She also stated that on January 19, 1982, she reported another such malfunction.

Sylvan Lake Police Sergeant James Oliver, the officer present at the scene of the accident, further testified that he had also reported malfunctions of the crossing lights or bells at the Orchard Lake Road crossing at least twenty-four times before the accident on January 19, 1982.

Defendant argues that the trial court should not have allowed witnesses to testify regarding prior signal malfunctions because there was insufficient foundational proof of similarity and there was no testimony as to the dates or nature of the malfunctions.

We disagree with defendant's argument because we believe that there was sufficient foundation to admit testimony of prior malfunctions. The testimony concerned malfunctions involving active flashers when no train was present, and inactive flashers when a train was present. The testimony also concerned malfunctions at the same crossing and on the very day of the accident. Therefore the testimony was relevant to show that defendant had notice of a dangerous condition. *Sullivan v Detroit & Windsor Ferry Co,* 255 Mich 575, 578; 238 NW 221 (1931). It was also relevant to prove that a dangerous condition in fact existed, i.e., that the signals were malfunctioning, at the time of the accident. *Freed v Simon,* 370 Mich 473, 475-476; 122 NW2d 813 (1963).

II

Before issuing its initial instructions, the trial court had denied plaintiff's request for Instruction Number 26, but upon reinstruction decided to include it as follows:

> In approaching a crossing protected by warning devices, [a traveler] is entitled to place some reliance on the indication of safety which comes from an inactive warning device.
> It is a question of fact for the jury to decide whether there was an inactive warning device in this case.

Defendant railroad argues that the instruction was improper because it came after closing argument, thereby depriving defendant of the opportunity to properly address the issue, and because it assumes that the signal devices were not working.

We fail to see how the timing of the instruction could have had the least effect upon defendant's ability to fairly argue its case. Proper functioning of the signal device was a significant issue throughout trial, and both sides presented testimony as to the condition of the signal device at the time of the accident. As for the instruction itself, jury instructions must be reviewed in their entirety and should not be extracted piecemeal in an effort to justify reversal. *Willoughby v Lehrbass*, 150 Mich App 319, 336; 388 NW2d 688 (1986). Here, the court's instruction followed established law. *Lockett v Grand Trunk Western R Co*, 272

Mich 219, 223, 225; 261 NW 306 (1935).[1] Even had the instruction been erroneous or inadequate, reversal is not mandated unless failure to reverse would be inconsistent with substantial justice. *Willoughby, supra* at 336. We find no want of substantial justice here; the court accompanied its instruction with the specific reminder that plaintiff still had a continuing duty to rely upon his own observations and ascertain for himself whether a train was in fact approaching.[2]

### III

Finally, defendant railroad argues that misconduct of plaintiffs' counsel prevented a fair and impartial trial. At trial, defendant properly objected to the alleged misconduct. We must therefore determine whether the comments were untrue and, if so, whether they were harmless or prejudicial. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 103; 330 NW2d 638 (1982).

During opening argument, plaintiffs' counsel re-

---

[1]

[A] traveler approaching a protected crossing is entitled to place some reliance upon the indication of safety which the silence of the signal implies, and that the degree of care required of one approaching a crossing under such circumstances "is only that which an ordinarily prudent man would use under such circumstances, and not the extreme care that would be required if there were no device there to indicate safety; and that whether proper care has been exercised under such circumstances is ordinarily a jury question." [*Id.* at 223.]

[2] In connection with the disputed jury instruction, the trial court stated:

Therefore, while an approaching train must give proper warning, and while the silence of the protective device is an indication to the traveller that no train is appraching [sic], nevertheless, the driver is not thereby relieved of the duty of making due observation but must use his own senses of sight and hearing to ascertain for himself whether a train is in fact approaching.

ferred to an "alleged" court order which required defendant to produce the train's speed tape. Defendant objected. In later denying defendant's motion for a mistrial, the court stated that if defendant reminded the court, it would correct the matter when instructing the jury. A review of the record discloses that the court's instructions made no reference to this decision, but we also find no evidence that defendant ever entered a reminder. Because the record is silent as to the contents of the order, and because defendant did not deem the matter important enough to be remembered, we believe that error, if any, was harmless. *Id.,* n 7.

During rebuttal argument, defendant also objected to use by plaintiffs' counsel of the term "company men" when referring to defendant's witnesses and to the statement that defendant never presented testimony by disinterested eyewitnesses who saw the signal flashers. It is true that the term "company men" had a derogatory connotation implying that defendant's witnesses were biased and therefore untrustworthy. But where, as here, there exists conflicting or contradictory testimony, parties may try to persuade the jury to believe their witnesses and disbelieve witnesses of the adverse party. *Id.* at 109. Further, reasonable inferences from testimony may be drawn by counsel during closing argument. *Wilson v Stilwill,* 92 Mich App 227, 231; 284 NW2d 773 (1979), aff'd 411 Mich 587; 309 NW2d 898 (1981). Statements made by counsel in closing argument may not be error if given in response to arguments made by opposing counsel. *Stephens v Spiwak,* 61 Mich App 647, 651; 233 NW2d 124 (1975), lv den 395 Mich 761 (1975). Viewed in the entire context of closing argument and rebuttal, therefore, we find no error.

Affirmed.