Per Curiam.
 

 Defendant Horizon Cablevision, Inc., appeals by leave granted the trial court’s order denying its motion for summary disposition. We reverse and remand.
 

 The facts of this case are set forth in
 
 Candelaria v B C General Contractors, Inc,
 
 236 Mich App 67; 600 NW2d 348 (1999).
 

 Defendant Horizon, a company in the business of providing cable television service, hired defendant BC, as an independent contractor, to install cable television service in certain areas of Ingham County. BC, in turn, hired Bob Rego, also as an independent contractor, to perform a portion of the work involving aerial construction. Rego employed plaintiffs decedent, Thomas Candelaria, Jr. (hereafter Candelaria). Part of Rego’s job involved laying cable wire across the surface of state trunk line M-106 in Ingham County. On the day of the accident, Rego’s foreman and Candelaria were the only workers at the site. When the foreman needed more cable to work with, he asked Cande-laria to release some slack from the reel. Instead of pulling slack from the reel by hand, which was the standard proce
 
 *683
 
 dure, Candelaria turned the reel on its side and began pushing it like a wheelbarrow. Because the foreman was concerned that Candelaria’s action might tighten the cable rather than create slack, he ran to the reel and flipped it back to its usual position. Just as the foreman turned the reel, a passing car snagged a portion of the cable that had become elevated from the surface of the highway. This caused the reel to jerk forward into Candelaria, killing him instantly.
 

 Plaintiff filed a wrongful death action against defendants, alleging that their neghgence caused Candelaria’s death. At the close of the proofs, plaintiffs theory with respect to BC was that it could be held hable in neghgence on the basis of its retention of control over the work performed by Rego. Plaintiff’s theory with respect to Horizon was that it could be held hable in neghgence pursuant to a nondelegable duty arising by virtue of the fact that it had obtained a permit issued by the Michigan Department of Transportation (mdot). Defendants moved for directed verdicts and their motions were denied. The trial court granted plaintiff’s motion for a directed verdict against Horizon with regard to the issue of its neghgence. The jury found (1) that Horizon’s neghgence was a proximate cause of the accident, (2) that BC was neghgent and that its neghgence was a proximate cause of the accident, and (3) that Candelaria himself was neghgent, that his neghgence was a proximate cause of the accident, and that he was fifty percent at fault. The final judgment entered against defendants was in the amount of $248,248.48.
 
 [Id.
 
 at 70-71.]
 

 In the prior appeal, this Court dismissed plaintiff’s wrongful death claim against BC and remanded his claim against Horizon for a new trial.
 
 Id.
 
 at 85. With regard to Horizon, this Court explained that plaintiff’s theory was that Horizon owed Candelaria a nondele-gable duty arising by virtue of the fact that Horizon had obtained the mdot permit; however, this Court concluded that “[t]he mdot could not create a nondel-egable duty in tort owed by Horizon to Candelaria
 
 *684
 
 simply by including a nonassignability provision in the permit issued to Horizon.”
 
 Id.
 
 at 79. Rather, this Court concluded that
 

 [t]he only conceivable basis for imposing a nondelegable duty on Horizon under which plaintiff could proceed in negligence is that described in § 428 of the Second Restatement of Torts:
 

 “An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity. [2 Restatement Torts, 2d, § 428, p 420.]”
 
 [Candelaria, supra
 
 at 79-80.]
 

 This Court noted that in directing a verdict of negligence in plaintiffs favor, the trial court did not rule on the validity of plaintiffs argument, relying on 2 Restatement Torts, 2d, § 428, that Horizon could be held hable under a nondelegable duty.
 
 Candelaria, supra
 
 at 80-81, 83. Further, Horizon did not brief the issue.
 
 Id.
 
 at 83. Under these circumstances, this Court declined to address the merits of the § 428 argument, reversed the judgment against Horizon, remanded for a new trial, and offered “no opinion regarding the viability of that theory in Michigan or its applicability to the facts of this case.”
 
 Candelaria, supra
 
 at 84.
 

 On remand, Horizon moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). Horizon argued that it is not liable under § 428 as a matter of law because even if Michigan recognized liability pursuant to § 428, undisputed evidence establishes that the activity in which Candelaria was engaged did not involve an unreasonable risk of harm to others. Hori
 
 *685
 
 zon argued, alternatively, that § 428 does not apply because Candelaria was not a third person injured on the highway to which the “franchise” applied. After a hearing, the trial court found that an unreasonable risk of harm exists in laying an “instrumentality” across a highway with a posted speed limit of fifty-five miles an hour or higher. The trial court determined that § 428 applies not only to third persons, but also to employees to ensure that appropriate safety measures are taken. The trial court denied defendant’s motion for summary disposition and stayed further proceedings, expressing a desire that this Court give an opinion on the applicability of § 428 before a new trial is conducted. This appeal ensued.
 

 We review de novo a trial court’s denial of summary disposition,
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998), and the applicability in Michigan of the rule set forth in § 428, which is a question of law.
 
 James v Alberts,
 
 464 Mich 12, 14; 626 NW2d 158 (2001). Because reference to evidence in the record is utilized in addressing this issue, our analysis is pursuant to MCR 2.116(C)(10). In evaluating a motion for summary disposition brought under MCR 2.116(C)(10), we consider “affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion” to determine whether a genuine issue regarding any material fact exists.
 
 Maiden v Rozwood,
 
 461 Mich 109, 120; 597 NW2d 817 (1999);
 
 Ritchie-Game-ster v City of Berkley,
 
 461 Mich 73, 76; 597 NW2d 517 (1999). If the nonmoving party fails to present eviden-tiary proofs showing a genuine issue of material fact
 
 *686
 
 for trial, summary disposition is proper.
 
 Smith v Globe Life Ins Co,
 
 460 Mich 446, 455-456, n 2; 597 NW2d 28 (1999).
 

 Generally, an employer of an independent contractor is not liable in negligence to third parties or employees of the independent contractor.
 
 Bosak v Hutchinson,
 
 422 Mich 712, 724; 375 NW2d 333 (1985);
 
 Candelaria, supra
 
 at 72. Rather, the independent contractor is responsible for job safety.
 
 Id.
 
 However, Michigan courts recognize exceptions to the general rule, including where the employer has retained and exercised control over the contractor,
 
 Funk v General Motors Corp,
 
 392 Mich 91, 101; 220 NW2d 641 (1974), overruled in part on other grounds,
 
 Hardy v Monsanto Enviro-Chem Systems, Inc,
 
 414 Mich 29; 323 NW2d 270 (1982);
 
 Candelaria, supra
 
 at 72-74, or where the work is inherently dangerous,
 
 Bosak, supra; Kubisz v Cadillac Gage Textron, Inc,
 
 236 Mich App 629, 633; 601 NW2d 160 (1999).
 

 In the present appeal, plaintiff invites this Court to adopt another exception to the general rule, as set forth in § 428. Again, § 428 provides:
 

 An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves
 
 an unreasonable risk of harm to others,
 
 is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity. [2 Restatement Torts, 2d, § 428, p 420 (emphasis supplied).]
 

 Here, however, we need not decide if § 428 is applicable in Michigan because, on the facts of this case, plaintiff is unable to meet a requirement of § 428, that being that the activity involves “an unreasonable risk of harm to others.”
 

 
 *687
 
 Plaintiff argues that putting the cable on the roadway violated MCL 247.186, which prohibits placing “wires, cables or other fixtures ... at less height than fifteen [15] feet above any part of the traveled portion of the road.” However, by its terms, the statute prohibits placing cables
 
 above
 
 the roadway, not
 
 on
 
 the roadway. Moreover, a separate provision of the same act explicitly contemplates that construction of a cable television line may occur
 
 “upon,
 
 or over or under a state trunk line highway” with the consent of the state highway commissioner. MCL 247.184 (emphasis added). Further, under the recognized exceptions to the general rule of nonliability for a contractor’s negligence, our Supreme Court has refused to impose a nondelegable duty where the risk resulted from absence of safety measures or negligence of an employee, on the theory that to do so would “permit collateral negligence to elevate normal activity into inherently dangerous activity.”
 
 Bosak, supra
 
 at 730. Similar to the analysis in
 
 Bosak, supra
 
 at 726-730, we believe that an unreasonable risk of harm does not arise from activity that is fairly routine and when the employer has no reason to anticipate a new risk created by the negligent performance of the activity. In this case, plaintiff fails to convince us that reasonable minds would conclude that laying a cable across a roadway poses an unreasonable risk of harm to others, especially when proper safety precautions may reduce any risk. See
 
 Funk, supra
 
 at 109-110. Accordingly, even if § 428 were applicable in this state, a question we do not reach here, plaintiff would have been unable to establish that defendant owed a nondelegable duty under that rule. Therefore, the trial
 
 *688
 
 court erred in denying defendant’s motion for summary disposition.
 

 Reversed and remanded to the trial court for entry of an order dismissing the case. We do not retain jurisdiction.