# STATE OF MICHIGAN

# COURT OF APPEALS

FLEETA JOHNSON,

        Plaintiff-Appellant,

v

WILLIAM GLOSSON and NATHANIEL WEBB,

        Defendants-Appellees,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

UNPUBLISHED
November 16, 2017

No. 334075
Oakland Circuit Court
LC No. 2015-146990-NI

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right an order designating her as a proper payee. On appeal, however, plaintiff challenges the prior order granting summary disposition for defendants William Glosson and Nathaniel Webb (hereinafter jointly referred to as "defendants") and dismissing the case against them. We reverse.

After her sole argument on appeal, plaintiff argues there is a genuine issue of material fact with regard to whether the motor vehicle accident caused her to suffer an objectively manifested impairment and whether her injuries affected her general ability to lead her normal life.

A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). Decisions on such a motion are reviewed de novo. *Id.*

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party

-1-

is entitled to judgment as a matter of law. [*Id*. (citations and quotation marks omitted).]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).[1]

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). MCL 500.3135(5) defines a "serious impairment of body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." In *McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010), our Supreme Court provided the following guidance for determining whether a plaintiff has made a sufficient showing of a threshold injury to survive summary disposition:

> To begin with, the court should determine whether there is a factual dispute regarding the nature and the extent of the person's injuries and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met. If there is no factual dispute, or no material factual dispute, then whether the threshold is met is a question of law for the court. [Citations omitted.]

"Whether someone has suffered a serious impairment is 'inherently fact- and circumstance-specific and [the analysis] must be conducted on a case-by-case basis.' " *Chouman v Home Owners Ins Co*, 293 Mich App 434, 441; 810 NW2d 88 (2011), quoting *McCormick*, 487 Mich at 215. Additionally, a plaintiff's impairments need not be permanent. *McCormick*, 487 Mich at 203.

In *McCormick*, the Court held that in order to prove a serious impairment of a body function, a plaintiff must show:

---

[1]In addressing the standard of review for a summary disposition motion under MCR 2.116(C)(10), plaintiff argues in part that such a motion can only be granted if a court determines "it is virtually impossible for the non-moving party's claim to be supported at trial," citing *Candeleria v BC Gen Contractors, Inc*, 252 Mich App 681, 686; 653 NW2d 630 (2002), *American Bumper & Mfg Co v Transtechnology Corp*, 252 Mich App 340, 347; 652 NW2d 252 (2002), and *Devine v Al's Lounge, Inc*, 181 Mich App 117, 118-119; 448 NW2d 725 (1989). But neither *Candeleria* nor *American Bumper* set forth that standard, and although *Devine* does, that decision was issued years *before* the Supreme Court articulated the now applicable summary disposition standard that makes the "impossible to establish at trial" standard inapplicable. See *Smith v Globe Life Ins Co*, 460 Mich 446, 445 n 2; 597 NW2d 28 (1999).

(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*Id*. at 215.]

"However, there is no bright-line rule or checklist to follow in making that evaluation." *Chouman*, 293 Mich App at 441.

In *Nelson v Dubose*, 291 Mich App 496, 498-499; 806 NW2d 333 (2011), this Court explained:

*McCormick* shifted the focus from the injuries themselves to how the injuries affected the plaintiff's body function. *McCormick*, 487 Mich at 197. This shift eased the burden on the plaintiff to show how the impairment prevented the plaintiff from leading a normal life. Now, the plaintiff has to show that the plaintiff's ability to lead a normal life has been affected by comparing the plaintiff's life before and after the injury. *Id*. at 200, 202-203.

As discussed below, when giving the benefit of reasonable doubt to plaintiff, the record demonstrates that "there appears to be a genuine dispute whether [all of] the objectively manifested abnormalities" in plaintiff's shoulder, spine, and neck are degenerative or traumatic in nature. *Chouman*, 293 Mich App at 444. Therefore, the trial court erred when it concluded as a matter of law that plaintiff failed to establish that she suffered a serious impairment of a body function.

Specifically, Dr. Drouillard stated that there was *no* clinical evidence of any functional impairment, or any traumatic injury, related to plaintiff's accident. Dr. Drouillard concluded that the anomalies seen in the MRIs of plaintiff's shoulder and spine were degenerative and consistent with her age, and not the result of a traumatic injury. Finally, Dr. Drouillard believed plaintiff was possibly magnifying her symptoms. On the other hand, Dr. Hall found that while plaintiff had some degenerative conditions, there were a number of acute findings that suggested that the October 22, 2014 accident either caused new injuries to plaintiff or aggravated a preexisting condition, or both. Furthermore, Dr. Mendelson found that the tear in plaintiff's left shoulder was caused by her accident with Glosson, and that the tear was the cause of the pain she experienced when reaching overhead and lifting objects with her left arm. Additionally, evidence was presented that plaintiff was involved in a slip and fall before her motor vehicle accident. Plaintiff jarred her left shoulder when she slipped and fell. Although plaintiff did not break or tear anything in her shoulder, she attended physical therapy for four to five weeks in order to strengthen her shoulder. Taken together, this evidence created a genuine issue of material fact concerning the nature and extent of plaintiff's injury. While the trier of fact need not accept Drouillard's, Hall's, or Mendelson's conclusions, because "there is a genuine question of fact regarding the nature and extent of [plaintiff's] injuries, the threshold question of whether she suffered a 'serious impairment of body function' may not be decided as a matter of law." *Chouman*, 293 Mich App at 444. Because the factual dispute regarding the nature and extent of plaintiff's injuries was material to determining whether she suffered a serious impairment of a body function, the trial court erred when it determined, as a matter of law, whether plaintiff

suffered a serious impairment of a body function and subsequently granted defendants' motion for summary disposition.[2]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

Plaintiff may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[2] Although we need not address it, we note that the trial court erred when it found that plaintiff did not suffer from an objectively manifested impairment of an important body function that affected her general ability to lead her normal life. See MCL 500.3135(5) (articulating the definition of a "serious impairment of a body function"). The factual dispute regarding the nature and extent of plaintiff's injuries was material to determining whether she suffered a serious impairment of a body function. Specifically, the factual dispute was material to determining whether her injuries had any effect on her general ability to lead her normal life. *McCormick*, 487 Mich at 202-203.